Mr. James W. Monk, Jr., Chairman Arkansas Heating, Ventilation, Air Conditioning and Refrigeration Board 4815 West Markham Street Little Rock, Arkansas 72205-3867
Dear Mr. Monk:
This is in response to your request for an opinion concerning Act 277 of 1991, codified at A.C.A. 17-50-101 et seq. (Repl. 1992), which establishes licensing requirements for members of the heating, ventilation, air conditioning, and refrigeration industry. The Arkansas Heating, Ventilation, Air Conditioning and Refrigeration ("HVACR") Licensing Board, as created by Act 277, is charged with the proper administration and enforcement of the act. In your correspondence, you note that Act 277 does not require cities to enforce the provisions of the act but that there is some confusion with a city's responsibility when a city chooses to do so. With regard to this matter, you have asked for an opinion on the following questions:
 1. If a city decides to regulate, interpret, or enforce any provision of Act 277 of 1991, does the city have to adopt an ordinance?
 2. In addition to the act, the HVACR Board has adopted regulations that address local regulatory authority. One regulation states: "Nothing in the Code shall prohibit any city, town, or county from having full authority to provide full supervision of the inspection of heating, ventilation, air-conditioning, and refrigeration by enactment of ordinances or regulations by the local government body not in conflict and equal to or exceeding the minimum standards prescribed by the Board." Did Act 277 of 1991 give the HVACR Board the authority to adopt this regulation?
 3. Act 277 of 1991 gives the HVACR Board the power to adopt certain rules, regulations, codes, etc. The HVACR Board has adopted the "Arkansas Mechanical Code." Is this code the minimum standard for the state or does a city have the authority to adopt a code standard that is different? Whose authority is it to interpret the meaning of the Arkansas Mechanical Code?
With regard to your first question, which relates to a city's discretion to "regulate, interpret, or enforce" any provision of Act 277, I assume that you are referring to a city's authority to establish its own permit and inspection programs pursuant to A.C.A. 17-50-104 (Repl. 1992) and its own rules and regulations on HVACR work that are least equal to those contained in the Arkansas Mechanical Code pursuant to the regulations adopted by the HVACR Board. If that is a correct interpretation of your question, it is my opinion that the answer to your question is presumably "no" since Regulation 104.2 (text of which is set forth in question two above) of the Arkansas Mechanical Code provides for the enactment of "ordinances or regulations" by the local government bodies.
With regard to your second question, it is my understanding that the regulation to which you refer is contained in the Arkansas Mechanical Code, which was adopted by the HVACR Board in 1992. See Reg. 104.2, Arkansas Mechanical Code. In my opinion, the adoption of this regulation falls within the scope of the HVACR Board's authority. Act 277 of 1991 authorizes the board to "[a]dopt certain rules and regulations to insure the proper administration and enforcement" of the act (see A.C.A.17-50-202(1)) and to "[a]dopt a mechanical code and standards for the conduct of HVACR work." See A.C.A. 17-50-202(2). These provisions, in my opinion, clearly evince the legislature's intent to give authority over the adoption of a mechanical code to the HVACR Board, and presumably, the legislature intended for whatever standard the board adopted to be the minimum standard for the state.
With regard to your third question, it is my opinion that the mechanical code adopted by the HVACR Board is the minimum standard for the state since, as stated previously, that appears to have been the intent of the legislature and since the board, in my opinion, had the authority to adopt Regulation 104.2 in which the board states that the mechanical code it has adopted will be the minimum standard. It appears, however, that cities may adopt either the Arkansas Mechanical Code by reference or other rules and regulations which are at least equal to those contained in the code and establish their own local permit and inspection programs in order to assure that HVACR work in the city is being performed in compliance with such rules and regulations.[1] Additionally, it is my opinion that the HVACR Board has the authority to interpret the provisions of the Arkansas Mechanical Code which they adopted. See Reg. 102.1, Arkansas Mechanical Code (providing that "[t]he state administrative authority is to render interpretations of this Code, which are consistent with its intent and purpose.")
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] It is my understanding that if a city chooses to adopt by reference the Arkansas Mechanical Code or other standards that are at least equal to the code, local inspectors will be responsible for enforcement of the standards; however, if a city chooses not to adopt such standards, it is my understanding that state inspectors will be responsible for determining compliance with the Arkansas Mechanical Code.